IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 11** |
| | : | **SUBCHAPTER V** |
| **PETERS HOLDINGS LLC** | : | |
| **Debtor.** | : | **BANKRUPTCY NO. 26-14351-AMC** |

## DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Peters Holdings LLC, the debtor and debtor in possession (the "Debtor"), moves this Court under 11 U.S.C. §§ 361, 363(c) and 363(e), Federal Rule of Bankruptcy Procedure 4001(b) and E.D. Pa. Local Bankruptcy Rules 4001-1 and 9014-3 for entry of interim and final orders (i) authorizing the Debtor's use of cash collateral and (ii) granting adequate protection to the Secured Parties, and respectfully represents as follows.

## CONCISE STATEMENT OF RELIEF REQUESTED

Pursuant to Fed. R. Bankr. P. 4001(b)(1)(B) and E.D. Pa. L.B.R. 4001-1(b), the Debtor summarizes the material provisions of the relief requested:

- **Entities with an Interest in Cash Collateral.** Each of the Debtor's eight (8) residential rental properties is encumbered by a separate open-end mortgage (collectively "Mortgages", attached as Exhibit "A"), each of which includes an assignment of leases and rents that was assigned, together with the mortgage to the current holder. The loans are serviced by three servicers — **Fay Servicing, LLC**, **Selene Finance LP**, and **Shellpoint Mortgage Servicing** — on behalf of the current holders of the respective notes (collectively with such holders, the "Secured Parties"). The properties, servicers, claim amounts, and

collateral values (to be consistent with the Debtor’s proposed Schedule D) are set forth on Exhibit “B”. The cash collateral consists of the rents, income, and proceeds generated by the properties (the “Rents” or “Cash Collateral”).

- **Use of Cash Collateral.** The Debtor will use the Rents solely to pay the ordinary, necessary operating expenses of the properties and the administration of this case, in accordance with the budget attached as Exhibit “C” (the “Budget”), subject to the permitted variance described below.

- **Material terms and duration.** Use is requested on an interim basis through December 2026 from entry of the Interim Order through the final hearing, and thereafter on a final basis through confirmation of a plan or further order of the Court. The Debtor requests authority to reasonably vary from any line item of the Budget by no greater than ten percent (10%) per line monthly.

- **Adequate protection.** As adequate protection for any diminution in the value of their interests in the Cash Collateral resulting from the Debtor’s use, each Secured Party will receive: (1) a replacement lien on postpetition Rents and proceeds of its respective collateral, to the same extent, validity, and priority as its valid, perfected prepetition lien, under 11 U.S.C. § 361(2); (2) the Debtor’s maintenance of property insurance and payment of postpetition real estate taxes to the same extent, validity, and priority as required by its prepetition lien; (3) monthly adequate-protection payments to each Secured Party in the amount set forth on Exhibit “D”; and (4) accounting for the Cash Collateral. The Debtor further submits that each Secured Party is amply protected by the equity cushion

in its collateral, which per Exhibit "B" ranges from approximately 8% to 35% and totals roughly $515,100 across the portfolio.

- **L.B.R. 4001-1(c) disclosures.** The proposed form of Interim Order does not contain any of the provisions enumerated in E.D. Pa. L.B.R. 4001-1(c) — specifically, it contains no cross-collateralization, no stipulation or finding binding the estate as to the validity, perfection, priority, or amount of any prepetition lien (the proposed order preserves such challenges), no waiver of rights under 11 U.S.C. § 506(c), no lien on avoidance actions under §§ 544–549, no provision deeming prepetition debt to be postpetition debt, no professional-fee carve-out disparity, no priming of any lien without consent, no provision affecting the Court's power under § 552(b)(1), and no grant of priority over administrative expenses.

- **No new credit.** The Debtor does not seek postpetition financing under 11 U.S.C. § 364.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and rule predicates are 11 U.S.C. §§ 361, 363(c), and 363(e); Fed. R. Bankr. P. 4001(b); and E.D. Pa. L.B.R. 4001-1) and 9014-3.

2. The Debtor consents to the entry of a final order or judgment by this Court in the event it is determined that the Court, absent consent, cannot enter a

final order or judgment consistent with Article III of the United States Constitution (L.B.R. 9014-3(b)(2)).

## BACKGROUND

3. On October 15, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 and elected to proceed under Subchapter V. The Debtor remains in possession of its property, and a Subchapter V trustee has been appointed under 11 U.S.C. § 1183.

4. The Debtor is a Pennsylvania limited liability company that owns and rents eight (8) single-family residential properties (the "Properties"), listed on Exhibit "B".

5. Each Property is encumbered by a separate open-end mortgage that includes a present assignment of leases and rents. Each mortgage, together with its assignment of leases and rents, was subsequently assigned to the current holder; the loans are now serviced by Fay Servicing, LLC (257 and 214 W. 21st Street), Selene Finance LP (404 9th Street), and Shellpoint Mortgage Servicing (the remaining five Properties). The current claim amounts and collateral values are set out on Exhibit "B"; aggregate secured claims total $1,423,900.00 against collateral valued at approximately $1,939,000.00.

6. Five of the Properties are leased to residential tenants under the unexpired leases. Three Properties — 257 W. 21st Street, 709 Colwell Road, and 404 9th Street — are currently vacant.

7. Four of the Properties — 404 9th Street, 257 W. 21st Street, 214 W. 21st Street, and 129 Fairview Road — are the subject of pending mortgage

foreclosure proceedings, which the commencement of this case has stayed under 11 U.S.C. § 362(a).

8. The Debtor's sole source of operating revenue is the Rents. Because each mortgage includes an assignment of the Rents that was assigned together with the mortgage to the current holder, the Rents constitute "cash collateral" within the meaning of 11 U.S.C. § 363(a). Without authority to use the Cash Collateral, the Debtor cannot pay the operating expenses necessary to preserve the Properties — insurance, real estate taxes, utilities on vacant units, repairs, maintenance, and management — or administer this case.

## RELIEF REQUESTED

9. The Debtor requests entry of an interim order, substantially in the form filed herewith (the "Interim Order"), authorizing use of Cash Collateral in accordance with the Budget pending a final hearing, and the scheduling of a final hearing at which the Debtor will seek a final order (the "Final Order") authorizing continued use of Cash Collateral. Interim relief is requested to the extent necessary to avoid immediate and irreparable harm to the estate pending the final hearing. Fed. R. Bankr. P. 4001(b)(2).

## BASIS FOR RELIEF

### A. The Debtor may use Cash Collateral with adequate protection.

10. A debtor in possession may not use cash collateral unless each entity with an interest consents or the Court, after notice and a hearing, authorizes the use; absent consent, the debtor must segregate and account for the cash collateral. 11 U.S.C. § 363(c)(2), (c)(4). The Court may authorize use

after a preliminary hearing if there is a reasonable likelihood the debtor will prevail at the final hearing. 11 U.S.C. § 363(c)(3).

11. On request of an entity with an interest in the property, the Court shall condition the use as necessary to provide adequate protection, and the debtor bears the burden of proof on adequate protection. 11 U.S.C. § 363(e), (p). Adequate protection may be provided by periodic cash payments, a replacement lien to the extent of any diminution in value, or other relief giving the equivalent. 11 U.S.C. § 361.

**B. The proposed adequate protection is sufficient.**

12. The Debtor proposes the protection summarized above: replacement liens on postpetition Rents to the same extent, validity, and priority as the prepetition liens; maintenance of insurance and payment of postpetition real estate taxes; monthly adequate-protection payments to each Secured Party in the amount set forth on Exhibit “D”; and accounting of the Rents. These are forms of protection authorized by 11 U.S.C. § 361.

13. In addition, a meaningful equity cushion independently constitutes adequate protection. *See In re Roach Auto., L.P.*, 540 B.R. 146, 151–152 (Bankr. W.D. Pa. 2007). Courts in this Circuit recognize that an equity cushion in the collateral provides adequate protection, while cautioning that a slim or eroding cushion may require additional collateral or cash payments equal to the diminution in value. *See In re Roach Auto., L.P.*, 540 B.R. 146, 152–153 (Bankr. W.D. Pa. 2007). Here, every Property carries positive equity on the Debtor’s proposed Schedule D — ranging from roughly 8% (315 Crum Lynne Road) to

approximately 35% (51 E. Mowry Street), and totaling approximately $515,100 across the portfolio — so each Secured Party is substantially oversecured. The Debtor's Budget further provides for full payment of ongoing mortgage installments, which preserves each lender's position.

14. Use of the Cash Collateral is essential to preserve the Properties and the going-concern value of the Debtor's rental operation for the benefit of all creditors; denial would cause immediate and irreparable harm by leaving the Debtor unable to insure, maintain, or operate the Properties.

**C. The Budget.**

15. The Budget attached as Exhibit "C" projects, on a monthly basis across the portfolio, rental income of $16,845.00, mortgage payments of $12,407.25, and property-management fees of $1,059.10, yielding net cash flow of $3,378.65 per month ($10,135.95 for the quarter). The projected rental income includes the anticipated rents for the three currently-vacant Properties upon re-leasing ($1,400, $2,400, and $1,900 per month). Current rent from the five leased Properties is approximately $11,145.00 per month.

**D. The Motion complies with the applicable rules.**

16. This Motion is accompanied by a proposed form of Interim Order and includes the concise statement required by Fed. R. Bankr. P. 4001(b)(1) and the summary and provision-disclosures required by E.D. Pa. L.B.R. 4001-1(b)–(c). To the extent the Debtor and any Secured Party reach a stipulation, the Debtor will submit it under Fed. R. Bankr. P. 4001(d).

## EXPEDITED CONSIDERATION OF THE MOTION IS NECESSARY TO PREVENT IMMEDIATE AND IRREPARABLE HARM

17. By separate motion, the Debtor requests that the Court conduct an expedited preliminary hearing with respect to this Motion and schedule a final hearing at the earliest possible date in accordance with Federal Rule of Bankruptcy Procedure 4001(b).

18. Under Bankruptcy Rule 4001(b)(2), a final hearing on a debtor's motion to authorize use of Cash Collateral may not be commenced earlier than 14 days after service of the motion. Upon request, however, the Court may conduct a preliminary, expedited hearing on such a motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to the debtor's estate. Fed. R. Bankr. P. 4001(b)(2).

19. As noted above, the Debtor has an urgent and immediate need to use Cash Collateral to continue operating its business. As reflected on the First Interim Budget, without immediate access to Cash Collateral – which is the sole source of funding the Debtor's operations – the Debtor cannot pay current and ongoing operating expenses, especially given the turn of the month at which time certain monthly expenses will become due and owing.

20. Consequently, the use of Cash Collateral on an immediate and interim basis is required to avoid irreparable harm that will jeopardize any prospect for a successful reorganization.

## NOTICE

21. Notice of this Motion will be given as ordered by this Court pursuant to the Debtor's request for expedited consideration hereof.

22. No previous request for relief sought herein has been made to this Court or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court (i) enter the Interim Order authorizing use of Cash Collateral and grant the adequate protection described herein; (ii) schedule a final hearing authorizing continued use of Cash Collateral; and (iii) grant such other and further relief as is just and proper.

WETZEL GAGLIARDI FETTER & LAVIN LLC

Date: October 18, 2026

By: /s/ John A. Gagliardi, Esquire

John A. Gagliardi, Esquire
122 South Church Street
West Chester, PA 19382
(484) 887-0779 Ext. 102
(484) 887-8763 Fax

*Counsel for the Debtor-in-Possession*